## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| | § | Criminal Action No. 4:14-cr-82-O |
| v. | § § | |
| | § | |
| MARRICO EDWARD SPEARS, | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for New Trial (ECF No. 72), filed June 30, 2014;

the Government's response (ECF No. 74), filed July 2, 2014; and the Government's supplemental

response (ECF No. 78), filed July 9, 2014. The issue in this case is whether the Court erred in

admitting photographs at trial that were obtained as a result of the warrantless search of Defendant's

cell phone incident to his arrest. This matter is ripe for determination.[1]

## I.

On June 11, 2014, Defendant Marrico Edward Spears was charged in a superseding

indictment with: (1) conspiracy to possess with intent to distribute a controlled substance in violation

of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(1), (b)(1)(B)); (2) felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1); and (3) possession of a firearm in relation to a drug trafficking

---

[1] Spears's Motion for Leave to File Reply Brief (ECF No. 81) is denied. *See* L. Cr. R. 47.1(f). Spears's request for an oral hearing is also denied as unnecessary. *See United States v. Hamilton*, 559 U.S. 1370, 1373-74 (5th Cir. 1977) ("Where evidentiary hearings are ordered, it is because of certain unique situations typically involving allegations of jury tampering, prosecutorial misconduct, or third party confession. (citing *Richardson v. United States*, 360 F.2d 366 (5th Cir. 1966); *Casias v. United States*, 337 F.2d 354 (10th Cir. 1964)); *see also United States v. Simmons*, 714 F.2d 29, 30 (5th Cir. 1983) ("A motion for a new trial can ordinarily be ruled upon without conducting an evidentiary hearing. " (citing *United States v. Metz*, 652 F.2d 478, 481 (5th Cir.1981); *Hamilton*, 559 F.2d at1373; *United States v. Curry*, 497 F.2d 99 (5th Cir.1974), *cert. denied* , 419 U.S. 1035 (1974)).

crime in violation of 18 U.S.C. § 924 (c)(1)(A). Spears pleaded not guilty, and his trial commenced June 16, 2014. *See* Minute Entries, ECF Nos. 46 & 60.

At trial, the Government offered into evidence two photographs obtained from a warrantless search of Spears's cell phone incident to his arrest. *See* Trial Tr. at 240. Spears objected to the admission of the photographs contending the warrantless search violated the Fourth Amendment of the United States Constitution. *See id.* at 236. The Government argued that the search was a lawful search incident to an arrest. *Id.* The Court overruled Spears's objection, and the photographs were admitted. *Id.* at 236, 240. One photograph depicted money and a vacuum sealer. *Id.* at 241. An officer testified that a vacuum sealer is typically used to compact either narcotics or money and to mask the scent of narcotics. *See id.* The other photograph was of marijuana. *Id.* at 237. An officer testified that drug dealers use photographs of marijuana to show others the quality or strain of their marijuana. *Id.* at 238.

After two days of trial, the jury returned a guilty verdict on all counts. *See* Verdict, ECF No. 65. Spears now seeks a new trial pursuant to Federal Rule of Criminal Procedure 33. Spears contends the Court erred by admitting the photographs found as a result of the warrantless search of his cell phone citing *Riley v. California*, 134 S. Ct. 2473 (2014), which was decided after the conclusion of Spears's trial. *See generally* Mot. New Trial 2-4, ECF No. 72. The Government argues that the photographs were properly admitted under *Davis v. United States*, 131 S. Ct. 2419 (2011) and, alternatively, that any error was harmless. *See generally* Gov't's Resp. 4-6, ECF No. 74. The Court addresses each contention in turn.

## II.

The Fourth Amendment to the United States Constitution protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. const. amend. IV. The Fourth Amendment itself, however, offers no remedy for unconstitutional searches and seizures. *See Davis v. United States*, 131 S. Ct. 2419, 2426 (2011). The enforcement mechanism is the judicially created exclusionary rule. *See, e.g., id.* (citations omitted).

Generally, the exclusionary rule prohibits the introduction of evidence at trial that is derivative of an unconstitutional search or seizure. *E.g., United States v. Hernandez*, 670 F.3d 616, 620 (5th Cir. 2012) (citing *United States v. Singh*, 261 F.3d 530, 535 (5th Cir. 2001)). The rule is limited, however, as its sole purpose is to deter future Fourth Amendment violations. *See Davis*, 131 S. Ct. at 2426 (citing *Herring v. United States*, 555 U.S. 135, 141 & n.2 (2009); *United States v. Leon*, 468 U.S. 897, 909, 921, n.22 (1984); *Elkins v. United States*, 364 U.S. 206, 217 (1960)). "Exclusion is 'not a personal constitutional right,' nor is it designed to 'redress the injury' occasioned by an unconstitutional search." *Id.* (citing *Stone v. Powell*, 428 U.S. 465, 486 (1976); *United States v. Janis*, 428 U.S. 433, 454, n.29 (1976)).

Because the exclusionary rule is a prudential doctrine, the United States Supreme Court has carved out several exceptions to the rule. *See, e.g., Arizona v. Evans*, 514 U.S. 1, 14 (1995) (holding the exclusionary rule does not require suppression of evidence seized in violation of the Fourth Amendment because of clerical errors of court employees); *Illinois v. Krull*, 480 U.S. 340, 349-50 (1987) (creating exception to exclusionary rule for searches conducted in objectively reasonable reliance on subsequently invalidated statute); *United States v. Leon*, 468 U.S. 897, 922 (1984) (holding exclusionary rule does not apply when officers act in "objectively reasonable reliance" on

3

a search warrant later held invalid). "As with any remedial device, the rule's application has been restricted to those instances where its remedial objectives are thought most efficaciously served." *Evans*, 514 U.S. at 11 (citing *Leon*, 468 U.S. at 908; *United States v. Calandra*, 414 U.S. 338, 354 (1974)). If the application of the exclusionary rule does not result in "appreciable deterrence," its use is unwarranted. *Id.* (citing *United States v. Janis*, 428 U.S. 433, 454 (1976)).

In addition to the deterrent value, courts must consider the "substantial social costs" generated by the exclusion of "reliable, trustworthy evidence bearing on guilt or innocence." *Davis*, 131 S. Ct. at 2427 (citing *Stone*, 428 U.S. at 490-91). "For exclusion to be appropriate, the deterrence benefits of suppression must outweigh its heavy costs." *Id.* (citing *Herring*, 555 U.S. at 141; *Leon*, 468 U.S. at 910).

In *Davis v. United States*, the Supreme Court announced an additional exception for searches conducted in objectively reasonable reliance on binding judicial precedent. 131 S. Ct. at 2428-29. Davis moved to suppress evidence from the search of a vehicle in which he was a passenger incident to Davis's arrest for providing a false name. *Id.* at 2425-26. At the time, the search complied with circuit precedent. *See id.* at 2426. When Davis's case was on appeal, however, the Supreme Court decided *Arizona v. Gant*, 556 U.S. 332 (2009), which made the search of the vehicle in which Davis was a passenger unconstitutional. *Id.* Nevertheless, the Court held that the exclusionary rule did not apply because the officer who searched Davis's car acted as a reasonable officer "would and should act" under the circumstances. *Id.* at 2429 ("The deterrent effect of exclusion in such a case can only be to discourage the officer from doing his duty." (quoting *Leon*, 468 U.S. at 920) (internal quotation marks omitted)).

4

### III.

At the time of the warrantless search of Spears's phone, the United States Court of Appeals for the Fifth Circuit had consistently held that officers may search the contents of an arrestee's cell phone incident to a lawful custodial arrest. *See United States v. Finley*, 477 F.3d 250, 259-60 (5th Cir. 2007) (affirming district court's opinion that officer was permitted to search cell phone pursuant to lawful arrest); *see also United States v. Rodriguez*, 702 F.3d 206, 209-210 (5th Cir. 2012) (concluding that *Arizona v. Gant*, 556 U.S. 332 (2009) did not disturb *Finley*); *United States v. Curtis*, 635 F.3d 704, 712-13 (5th Cir. 2011) (questioning whether *Gant* limited *Finley* but concluding that the officer acted in good-faith upon then-existing law).

In *Riley v. California*, decided eight days after the conclusion of Spears's trial, the Supreme Court held that the search incident to arrest exception does not apply to the contents of an arrestee's cell phone. 134 S. Ct. 2473 (2014). Generally, officers must have a warrant to search the digital information contained on an arrestee's cell phone. *Id.* In light of *Riley*, Spears contends that the warrantless search of his cell phone incident to his arrest was illegal. *See* Mot. New Trial 4, ECF No. 72. The Court agrees.

"[N]ewly announced rules of constitutional criminal procedure must apply 'retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception." *Davis*, 131 S. Ct. at 2430 (quoting *Griffith v. Kentucky*, 479 U.S. 314 (1987)). Retroactivity, however, is concerned with whether "a new rule is available on direct review as a *potential* ground for relief." *Id.* Retroactivity does not determine the appropriate remedy. *Id.* (citing *Powell v. Nevada*, 511 U.S. 79, 84 (1994)). "As a result, the retroactive application of a new rule of substantive Fourth

5

Amendment law raises the question whether a suppression remedy applies; it does not answer that question." *Id.* (citing *Leon*, 468 U.S. at 906).

At the time the Supreme Court decided *Riley*, Spears's conviction was not final. Thus, the decision in *Riley* applies retroactively to his case. *See Davis*, 131 S. Ct. at 2431. As such, the Court concludes that the warrantless search of Spears's cell phone incident to his arrest violated the Fourth Amendment. This raises the question of whether the evidence should have been suppressed.

Spears contends that the suppression remedy applies to the photographs obtained from the warrantless search of his cell phone. *See* Mot. New Trial 4, ECF No. 72. On this point, the Court disagrees. The sole purpose of the exclusionary rule is to deter culpable law enforcement conduct. *Davis*, 131 S. Ct. at 2432-33. The Supreme Court has never applied the exclusionary rule "to suppress evidence obtained as a result of nonculpable, innocent police conduct." *Id.* at 2429. In Spears's case, the officer performing the search relied upon binding Fifth Circuit precedent, and Spears does not contend that the officer performing the search acted in bad faith or was culpable in any way. The officer who performed the search did not violate Spears's Fourth Amendment rights "deliberately, recklessly, or with gross negligence." *Id.* at 2428.

Arguably, when the officer searched Spears's cell phone in January 2014, the Fifth Circuit's holding was losing steam, as evidenced by the circuit split. *See* Br. Resp't at 12-13, *Riley v. California*, 134 S. Ct. 2473 (2014) (No. 13-132). Indeed, at least one Fifth Circuit panel expressed apprehension as to the effect of *Arizona v. Gant* on *Finley*. *See Curtis*, 635 F.3d at 712-13. *But see Rodriguez*, 702 F.3d at 209-210. Nevertheless, until the Supreme Court decided *Riley*, *Finley* remained good law in the Fifth Circuit. Police officers cannot be required to anticipate shifts in the constitutional landscape or to stay abreast of legal commentary. "About all exclusion would deter

in this case is conscientious police work." *Davis*, 131 S. Ct. at 2429. For these reasons, the Court concludes that the admission of the photographs from the warrantless search of Spears's cell phone incident to his arrest was proper.

## IV.

Alternatively, the Court finds that any error committed in admitting the photographs was harmless. The Court's decision to admit or exclude evidence at trial is subject to harmless error review. *See United States v. Ibarra*, 493 F.3d 526, 532 (5th Cir. 2007) (citing *United States v. Williams*, 957 F.2d 1238, 1242 (5th Cir. 1992)).  In the context of a motion to suppress, "the test for harmless error is whether the trier of fact would have found the defendant guilty beyond a reasonable doubt if the evidence had been suppressed." *United States v. Willingham*, 310 F.3d 367, 372 (5th Cir. 2002) (citing *United States v. Aucoin*, 964 F.2d 1492, 1499 (5th Cir. 1992)). Thus, the Court must determine whether the jury would have found Spears guilty beyond a reasonable doubt even if the two photographs obtained from Spears's cell phone had been suppressed.

The search of Spears's cell phone took place on January 16, 2014, when a police officer stopped Spears's vehicle as he left the home of Horatio Loera, a known drug dealer. *See* Trial Tr. at 83-89, 130-37, 140-155. A search of Spears's vehicle revealed approximately $60,000 cash, a counterfeit-money detector, a laundry bag that smelled of marijuana, and a loaded semi-automatic handgun. *Id.* at 162, 163-64, 186. Spears, a convicted felon, was arrested. *Id.* at 155. When Spears was processed at the DEA office after his arrest, an officer found two cell phones on his person. *Id.* at 234. The officer observed text messages on one cell phone that were indicative of drug trafficking. *Id.* at 234. The officer then downloaded the digital information from the cell phone, which revealed the two photographs at issue. *Id.* at 236.

7

At trial, the evidence of Spears's guilt was substantial. First, Spears traveled from Oklahoma to Texas for a ten-minute visit at the home of a known marijuana dealer, Loera. *See* Trial Tr. at 89, 193, 212. Second, shortly after meeting with Loera, Spears was found with approximately $60,000 cash, a counterfeit-money detector, a laundry bag that smelled of marijuana, and a loaded semi-automatic handgun. *Id.* at 162, 163-64, 186. Third, Loera testified that Spears traveled from Oklahoma to buy 200 pounds of marijuana from him and that Spears left a $30,000 deposit when the marijuana was not yet available. *Id.* at 197-98. This testimony was consistent with the $30,000 found in Loera's car shortly after his meeting with Spears. *Id.* at 117. Fourth, two law enforcement officers testified that Spears's confessed to previously purchasing marijuana from Loera, to giving $30,000 to Loera as a down payment, and to planning to use the $60,000 in his car to purchase marijuana. *Id.* at 246-50, 276-277.

Notably, the photographs from Spears's cell phone were followed by the officer's testimony as to Spears's confession, and the government did not reference the photographs in closing argument. *Cf. Ibarra*, 493 F.3d at 532 (stating testimony at issue was from "the last witness heard by the jury, and the testimony was referenced again in closing statements"). The photographs were peripheral to the Government's case.

Accordingly, the Court concludes that the evidence of Spears's "guilt was so overwhelming that the admission of the evidence was harmless error beyond a reasonable doubt." *United States v. Johnson*, 553 F.2d 901, 902 (5th Cir. 1977) (citing *Chapman v. California*, 1967, 386 U.S. 18 (1967)).

**V.**

Based on the foregoing, the Court concludes that the exclusionary rule does not apply to the photographs obtained as a result of the warrantless search under *Davis v. United States*, 131 S. Ct. 2419 (2011) and, alternatively, that any error was harmless. The Court therefore **DENIES** Defendant's Motion for New Trial.

**SO ORDERED** on this **14th day** of **July, 2014**.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**